WILLIAM S. EDWARDS v. WILLIAM FRANK.

*Trover—Possession by lienor for advances.*

One who has a present right of possession and a personal interest can bring trover.

One who has discharged a lien on goods by advancing money therefor at the request of the owner, has a right to the possession of the goods till reimbursed.

A lienor of goods left them with his bailee who shipped them against his directions. The lienor sued him for conversion. *Held* that the owner's orders to ship them would not have justified the bailee, though they might perhaps affect the question of damages.

Error to Wayne. Submitted April 11. Decided April 22.

TROVER. Plaintiff brings error.

*Edwards & Chambers* for plaintiff in error.

*James W. Romeyn* for defendant in error. One cannot maintain trover unless title has vested in him. *McDonough v. Sutton*, 35 Mich., 1; *Chambers v. Hill*, 34 Mich., 523.

CAMPBELL, C. J.    Frank is a hotel keeper in Detroit who had a board bill against one Jacobson, a traveling agent ·for A. C. Mather & Co. of Chicago, and held a trunk of goods to secure his lien.    Edwards under authority·from Mather & Co. went to Frank's hotel and desired to obtain the trunk, on which Frank had and claimed ·no other lien.    Having finally agreed on its amount, Edwards paid and Frank accepted it.    The trunk was thereupon moved forward into the front part of the hotel and turned over to Edwards, who received the key at the same time from Jacobson, and who left it until the contents could be examined to ascertain whether anything was missing.    During the same day Frank sent the trunk to the express office.    The case

does not show for what purpose it was sent there or where it was to be sent. Edwards warned the express agent not to ship it, and went to see Frank, who promised to have it returned, but the shipment had already taken place.

The court below excluded evidence of a written order from Mather & Co. on Jacobson to deliver him the trunk and samples in his possession, and held that Edwards had no right of action, and could not maintain trover for the conversion.

We think the court erred in so holding. Jacobson had acquiesced in the demand of Edwards, and had turned over the key of the trunk to him. Frank had accepted payment of his lien, and had also recognized the right of Edwards and put the trunk at his disposal. He was thenceforward no more than a bailee. There is no evidence in the record showing anything inconsistent with the original right of Edwards to demand and have the property, and no evidence that Mather & Co. had interfered, or that Frank had either forwarded or been requested to forward the trunk to them. So far as this record shows, no one but Edwards had any relations with Frank in the matter.

But Edwards, having advanced money to pay the landlord's lien, had a right to retain it until reimbursed. Frank had become his bailee and could not lawfully deal with any one else without respecting that right. It was valid against Mather & Co. as well as against others.

There can be no question of the power of a person having a present right of possession and a personal interest, to bring trover. Upon this we do not understand there is any room for discussion on the authorities. So far as this record shows, the act of Frank was an entirely unjustifiable disposal of the property of another person upon no pretext or excuse. If the case had shown it was sent to Mather & Co. with or without authority, he could not justify it against the right of

Edwards, although possibly in that case, if he acted under their orders, it might affect the damages. We have referred to this hypothesis because it is suggested in the argument. There is nothing in the record to maintain it.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.